UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

REQUEST FOR MODIFYING THE CONDITIONS OR TERM OF
SUPERVISION WITH THE CONSENT OF THE OFFENDER
(Probation Form - Waiver of Hearing is Attached)

Offender Name: <u>Mark Baker</u>                                         Case No.: <u>2:07CR00191-001</u>

Name of Sentencing Judicial Officer: <u>The Honorable John E. Jones III (Middle District of Pennsylvania)</u>

Date of Original Sentence: <u>November 23, 2005</u>

Original Offense: <u>Possession of child pornography (Count One).</u>

Original Sentence: <u>Custody of the U.S. Bureau of Prisons for a term of 12 months and one day, followed by 15 years of supervised release. Also, a $100.00 special assessment was imposed.</u>

Special Conditions: <u>1) The defendant shall participate in a sex offender treatment program as directed by the probation officer, which may include risk assessment testing, counseling, and therapeutic polygraph examinations and shall comply with all requirements of the treatment provider. The defendant shall contribute to the cost of treatment in an amount to be determined by the probation officer, and the treatment is to be conducted by a therapist approved by the probation officer; 2) The defendant shall not associate with children under the age of 18 except in the presence of an adult who has been approved by the probation officer; 3) As directed by the probation officer, the defendant shall comply with the registration requirements of the sex offender registration agency in any state where he resides, is employed, carries on a vocation, or is a student; and 4) The defendant shall not use a computer with access to any "on-line computer service" without the prior written approval of the probation officer. This includes any Intranet service provider, bulletin board system, or any other public or private computer network.</u>

Modification: <u>On March 26, 2007, the Honorable John E. Jones, III modified the defendant's supervised release conditions to include that the defendant shall submit to an initial inspection by the U.S. Probation Office and to any examinations during supervision of the defendant's computer and any devices, programs, or applications. The defendant shall allow the installation of any hardware or software systems which monitors or filters computer use. The defendant shall abide by the standard conditions of computer monitoring and filtering that will be approved by the Court. The defendant is to pay the cost of the computing monitor not to exceed the monthly contractual rate, in accordance with the probation officer's direction.</u>

Transfer of Jurisdiction: <u>On April 11, 2007, jurisdiction of the defendant's case was transferred from the Middle District of Pennsylvania to the calender of the Honorable James T. Giles in the Eastern District of Pennsylvania.</u>

Transfer of Jurisdiction: <u>On July 31, 2009, jurisdiction of the defendant's case was transferred from the Eastern District of Pennsylvania to the calender of the Honorable John E. Jones III in the Middle District of Pennsylvania.</u>

Violation Hearing: <u>On April 13, 2010, the Honorable John E. Jones III found the defendant in violation of his supervised release and sentenced him to the custody of the U.S. Bureau of Prison for period of nine (9) months, to be followed by a period of supervised release for 15 years. In addition to the standard</u>

conditions of supervised release, the Court imposed the following special conditions: 1) The defendant shall comply with the registration requirements of the sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, and shall comply with all other requirements of the Sex Offender Registration and Notification Act; 2) The defendant shall participate, at the defendant's expense, in a sex offender treatment program, which may include risk assessment testing, counseling and therapeutic polygraph examinations, and shall comply with all requirements of the treatment provider. The treatment is to be conducted by a therapist approved by the probation officer; 3) The defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the offender's supervision functions. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition; 4) The defendant shall comply with the terms and conditions set forth in the Computer Monitoring/Filtering Participant Agreement for the Middle District of Pennsylvania, and shall pay the costs of the computer monitoring/filtering program, not to exceed the monthly contractual rate, in accordance with the probation officer's instructions; 5) The defendant shall have no direct or indirect contact with any person under the age of 18, except in the presence of an adult who is aware of the nature of the defendant's background, including the current offense, and who has been approved by the probation officer; and 6) The defendant shall not reside or loiter within 1,000 feet of places where children under the age of 18 congregate, which includes playgrounds, schools, parks, daycare centers, arcades, and youth sporting events.

Transfer of Jurisdiction: On February 3, 2015, jurisdiction of the defendant's case was transferred from the Middle District of Pennsylvania to the calender of the Honorable Legrome D. Davis in the Eastern District of Pennsylvania.

Type of Supervision: Supervised Release         Supervision Commenced:  May 11, 2010
                                                Supervision Terminates: May 10, 2025

U.S. Attorney's Response: No Objections X        Objections _        No Response _

---

### PETITIONING THE COURT

The U.S. Probation Office is seeking a modification of Mr. Baker's conditions to include that the defendant shall reside for a period of 30 days in a Residential Reentry Center, halfway house, or similar residential facility and shall observe all the rules of that facility. The defendant shall pay subsistence as required by the program.

This officer respectfully recommends that the Court impose the proposed modification of supervised release based on Mr. Baker's use of a computer with access to "on-line computer service" without the prior written approval of his probation officer.

As a required component of his sex offender specific treatment program, Mr. Baker underwent a polygraph examination on July 12, 2017. During the examination, he admitted that he used an unmonitored computer at a Burger King Restaurant in Doylestown, Pennsylvania, sometime in February

2017/March 2017, to access his email and Amazon accounts. In addition, during a field visit on July 24, 2017, Mr. Baker also admitted that he used an unmonitored computer at a Burger King Restaurant in East Norriton, Pennsylvania, sometime in March 2017/April 2017.

It should be noted that the defendant did not have prior written authorization from the undersigned probation officer to access the Internet from the unmonitored computers at the Burger King Restaurants. In addition, on June 3, 2016, computer monitoring software discovered that Mr. Baker was in possession of an iPod Touch on May 30, 2016. During a phone conversation on June 3, 2016, the defendant admitted to being in possession of the iPod Touch with the knowledge that it was a WiFi capable device. However, he reported that the device was stolen from his car shortly after his usage. It should be noted that he did not have permission to possess the unmonitored electronic device. Without the ability to conduct a forensic examinations of the computers in the Burger King Restaurants or the Ipod Touch, the U.S. Probation Office has no knowledge of what Mr. Baker viewed on those devices.

On August 8, 2017, this officer presented Mr. Baker with the Notice of Request for Modification of Supervision Conditions recommending a placement in a Residential Reentry Center for a period of 30 days. This officer advised Mr. Baker of his right to consult with an attorney as to how to proceed with the proposed modification, as well as his right to have a hearing before the Court. Mr. Baker consulted with his attorney, Maria Pedraza, Esq., from the Federal Defenders Association, on August 7, 2017. On August 8, 2017, Mr. Baker agreed to the proposed modification and signed the Acknowledgment and Waiver of Hearing Form, which is attached.

On August 11, 2017, Assistant U.S. Attorney A. Nicole Phillips, Esq. voiced no objections to the proposed modification on behalf of the government.

RE: BAKER, Mark
Case: 2:07CR00191-001
Page: 4

☒ To modify the conditions of supervision as follows: The defendant shall reside for a period of 30 days in a residential re-entry center, halfway house, or similar residential facility and shall observe all the rules of that facility. The defendant shall pay subsistence as required by the program.

Respectfully submitted,

Matthew R. MacAvoy
Chief U.S. Probation Officer

Bruce E. Green
Senior U.S. Probation Officer

Approved:

Jonathan J. Henshaw
Supervising U.S. Probation Officer
Date: 8/11/17

### ORDER OF THE COURT

Considered and ordered this 5th day of September, 2017, and ordered filed and made part of the records in the above case.

/s/ Legrome D. Davis

_____
U.S. District Court Judge

UNITED STATES PROBATION OFFICE
EASTERN DISTRICT OF PENNSYLVANIA
NOTICE OF REQUEST FOR MODIFICATION OF SUPERVISION CONDITIONS

TO: **Mark Baker**                                  CASE NO. **2:07CR00191-01**

This is to notify you that the U.S. Probation Office intends to make a formal request to the Court that the conditions of supervision be modified as follows:

**That the special conditions of your supervised release be modified to include that you shall reside for a period of 30 days in a residential re-entry center, halfway house or similar residential facility and shall observe all the rules of that facility. You shall pay subsistence as required by the program.**

The reason for this modification and addendum to the conditions of supervision is:

**During your polygraph exam on July 12, 2017, you admitted you used an unmonitored computer at a Burger King restaurant to access your email and Amazon accounts. In addition, during a field visit on July 24, 2017, you also admitted that you used an unmonitored computer at a Burger King restaurant in East Norriton, Pennsylvania., sometime in March 2017/April 2017. Furthermore, you stated that the first incident took place at a Burger King in Doylestown, Pennsylvania, sometime in February 2017/March 2017. It should be noted that you did not have prior written authorization from your probation officer to access the internet from the unmonitored computers at the Burger King restaurants. In addition, computer monitoring software discovered you were in possession of an iPod Touch. A subsequent phone conversation that same date revealed you admitted to being in possession of a WiFi capable device, an iPod Touch. It should be noted that you did not have permission to possess the unmonitored electronic device.**

You are advised that you have the right to a hearing before the Court on the modification of the conditions of supervision, and that you have the right to be represented by counsel at such hearing. You also have the right to waive (give up) such a hearing. You are hereby asked to acknowledge receipt of the "Notice" by signing the applicable portion on the reverse side of this form and returning the form to your Probation Officer. If you wish to waive (give up) a hearing, you should sign the ACKNOWLEDGMENT AND WAIVER portion of the form.

Matthew R. MacAvoy, Chief
U.S. Probation Officer

_____  8-8-17
Bruce E. Green                Date
Senior U.S. Probation Officer

ACKNOWLEDGMENT AND REQUEST FOR HEARING

       I, Mark Baker, hereby acknowledge receipt of the Notice of Request for Modification of the Conditions of Supervision, and request a hearing thereon with my reasons stated below:

Signed:_____
(Date)

-----

ACKNOWLEDGMENT AND WAIVER OF HEARING

       I, Mark Baker, hereby acknowledge receipt of the Notice of Request for Modification of the Conditions of Supervision. I have read the Notice and understand that I have the right to a hearing before the Court on that request and to the assistance of counsel at the hearing. However, I hereby waive (give up) my right to a hearing and agree to the proposed modifications of conditions of supervised release. I also certify that no promises have been made to me in order to induce me to give up my right to a hearing.

Signed: *[signature]*  8-8-17
(Date)

WITNESS:
*[signature]* 8-8-17
Bruce Green
Name
U.S. Probation
Phila. PA
Address