UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : No. 2:07-cr-00191 |
| | : |
| MARK BAKER, | : |
| Defendant. | : |

# O R D E R

**AND NOW,** this 30th day of May, 2019, upon consideration of the Motion for Early Termination of Supervised Release filed by Defendant Mark Baker, ECF No. 7, and of the factors enumerated in 18 U.S.C. § 3553,[1] **IT IS HEREBY ORDERED THAT:**

The Motion, ECF No. 7, is **DENIED.**[2]

---

[1] After considering the factors set forth in 18 U.S.C. § 3553, a district court may, in its discretion, terminate or modify a term of supervised release under 18 U.S.C. § 3583(e)(1). However, "early termination of supervised released under § 3583(e)(1) should occur only when the sentencing judge is satisfied that 'new or unforeseen circumstances' warrants it." *United States v. Davies*, No. 18-2113, 2018 U.S. App. LEXIS 22937, at *5 (3d Cir. 2018). "The defendant bears the burden of establishing that the interests of justice justify early termination of a supervised release." *United States v. Agnes*, No. 93-314, 2017 U.S. Dist. LEXIS 147136, at *2 (E.D. Pa. Sep. 12, 2017).

[2] In April 2005, Defendant pled guilty in the United States District Court for the Middle District of Pennsylvania to possession of child pornography in violation of 18 U.S.C. § 2252A, and was sentenced in November of that year to be imprisoned for a term of 12 months and one day, followed by fifteen years of supervised release. *See United States v. Baker*, No. 4:05-cr-00136 (M.D. Pa. filed April 7, 2005). In August 2009, an arrest warrant was executed for Defendant's violation of supervised release. *See id.* at ECF No. 31. On April 13, 2010, Defendant was found in violation of his supervised release, supervised release was revoked, and he was sentenced to nine months imprisonment followed by a new fifteen year term of supervised release. *See id.* at ECF No. 40.

In January 2015, this Court accepted transfer of jurisdiction from the Middle District of Pennsylvania. In July/August 2017, Defendant admitted to several violations of his supervised release, including the unlawful use of a computer on two occasions earlier that year and the unlawful possession of an iPod Touch that was WiFi capable. *See* ECF No. 6. Upon agreement of the parties, Defendant's supervised release was not revoked, but the conditions were modified and he was ordered to reside in a residential center for thirty days. *See id.*

On May 28, 2019, Defendant filed the instant Motion for Early Termination of Supervised Release, asserting that "supervision is no longer necessary" based on the length and intensity of sexual offender treatment programs he has completed. *See* Mot. 3, 5-9. However, such treatment was mandated by the court, and "compliance with the conditions of supervised release are expected and

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

not exceptional." *United States v. Laine*, 404 F. App'x 571, 574 (3d Cir. 2010); *United States v. Delmoral*, No. 14-482-1, 2017 U.S. Dist. LEXIS 81665, at *3 (E.D. Pa. May 26, 2017) (denying the defendant's motion for early termination of supervised released because although the court was "pleased to learn that since her release from prison, defendant ha[d] found full-time employment, successfully completed drug and alcohol treatment as well as mental health treatment and ha[d] also paid her $600 special assessment in full. . . these accomplishments [were] the natural result of complying with the terms of supervised release as all former inmates are supposed to do").

     Moreover, although Defendant claims not to minimize his misconducts, he does in fact downplay his prior violations, stating, for example, that he and the probation officer "had growing pains" around 2008 adjusting to the ubiquity of the "emerging" internet and that "[w]ithout a preponderance of evidence of a new federal-child-pornography-offense, [he] was sentenced with many violations of supervision." *See* Mot. 2, 6. Defendant attempts to distinguish himself from "the guy [he] was a decade ago," *see* Mot. 11-13, apparently forgetting that his most recent violation of supervised release occurred only two years ago. Also, although Defendant claims not to "deflect blame," he refers to the "insidious temptations toward pornography" and his "internal struggle with what . . . crosses the line in [his] own moral rubric to pornographic intent" in light of the sexual imagery "bombarding" billboards and television programming. *See* Mot. 6-7.

     For all these reasons, not only has Defendant failed to show "new or unforeseen circumstances" justifying early termination of supervised released, but he has shown this Court that he is in need of not just ongoing supervision, but ongoing treatment.